

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,111-01

**EX PARTE JONATHAN EDWARD FREEMAN, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1143836-A IN THE 339TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to twenty-five years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Freeman v. State*, No. 14-09-00882-CR (Tex. App.—Houston [14th Dist.], Feb. 24, 2011) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective because he failed to subject the State's case to meaningful adversarial testing by failing to have an independent DNA analysis of items seized by police and used by the State to corroborate the testimony by two

accomplice-witnesses. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make specific findings as to whether an independent DNA analysis at the time of Applicant's trial would have yielded different results than the DNA analysis used and relied upon by the State at trial. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, Applicant's memorandum in support, if one exists, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:                    October 27, 2021
Do not publish